## Appeal of JOHN W. COLLINSON.      Docket No. 550.

On the evidence, *held:* That taxpayer did not willfully make a false or fraudulent return for 1917.

To render the statute of limitations contained in section 277 (a) (2) of the Revenue Act of 1924 inoperative, a return must have been intentionally false or fraudulent and made with intent to evade tax.

Submitted January 27, 1925;    decided January 31, 1925.

*E. E. Wakefield, Esq.,* and *C. J. McGuire, Esq.,* for the taxpayer.
*C. H. Curl, Esq.,* and *Alva B. Peterson, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before Ivins, Korner, and Marquette.

From the uncontroverted facts pleaded and the testimony adduced at the hearing, the Board makes the following

### FINDINGS OF FACT.

The taxpayer duly filed an income tax return for the calendar year 1917 within the time prescribed by law and duly paid the tax thereby shown to be due. During the year 1917 he had received as compensation for service rendered as president and manager of Kryptok Company, Inc., 200 shares of the stock of that corporation. He did not include in his 1917 return any amount representing the value of these shares for the reason that he honestly, though erroneously, believed at the time of making the return that he was not required to treat them as reportable income until he received dividends upon them or realized value through their sale or otherwise. He had no intent to cheat or defraud the Government or to evade the payment of any tax he knew to be due.

On September 27, 1924, the Commissioner sent the taxpayer a registered letter in which he notified him of the determination of a deficiency in his tax for 1917 of $3,604.09 and a penalty of $4,343.88 for fraud. From such determination this appeal was taken on November 7, 1924.

### DECISION.

The determination of the Commissioner as to both tax and penalty is disapproved and the deficiency of tax and penalty disallowed.

### OPINION.

Ivins: The Commissioner discovered, more than five years after the taxpayer had filed his 1917 return, that he had omitted from income reported therein an item that, under the law, should have been included. He proceeded to determine a deficiency in tax and a fraud penalty, on the theory that the return was false or fraudulent within the meaning of Section 3176 of the Revised Statutes and that therefore the statute of limitations contained in Section 277(a) (2) of the Revenue Act of 1924 as limited by Section 278 (a) of that Act had failed to operate.

The taxpayer satisfied us by his testimony that he was innocent of any fraudulent intent or of any thought of evading any lawful tax when he made his 1917 return and failed to include as income therein certain stock he had received from the Kryptok Company, Inc. He had been acting as president and manager of the Kryptok Company but had been compensated by another corporation of which he was an officer and director and which owned practically all the outstanding stock of the Kryptok Company. In effect the parent company had designated the taxpayer, one of its officers, to manage the subsidiary company, and he had devoted his time to it though remaining on the payroll of the parent company. When the stock was voted to him it was stated on the books of the Kryptok Company to be as compensation for services in previous years, but the stock had never paid any dividends, was of speculative value, and the taxpayer, knowing nothing about income tax rulings or decisions, did not think it was income until it yielded money through dividends or proceeds of sale. And, not believing it to be income, he did not mention it in his 1917 income tax return.

Section 3176 of the Revised Statutes provides:

In case a false or fraudulent return or list is *wilfully* made, the Commissioner of Internal Revenue shall add to the tax one hundred per centum of its amount. (Italics ours).

We are satisfied that the taxpayer did not wilfully make a false or fraudulent return, and is not subject to the penalty.

Under Section 277 (a) (2) of the Revenue Act of 1924 the time of the Commissioner to assess a tax under the Revenue Act of 1917 is limited to five years from the filing of the return unless (Section 278 (a)) the return be false or fraudulent and made *with intent to evade tax.*

The taxpayer not having filed a false or fraudulent return with intent to evade tax, the Commissioner is barred by the statute of limitations from assessing a deficiency, (*Appeal of National Refining Co.*, 1 B. T. A. 236), and his determination is disapproved.